[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTTOLESE, J.
MEMORANDUM OF DECISION
The parties were married April 11, 1968. Both parties have resided continuously in the state for at least one year prior to the filing of the complaint and thus the court has jurisdiction. The parties have a minor child, issue of the marriage, Ross Alan, born May 29, 1973.
The only real disputes relate to alimony, a few months of child support, assignment of property interests and the obligations which ensue from a resolution of these disputes. Custody of the minor child is resolved simply by virtue of the fact that the parties have agreed to the award of joint custody and the court believes that the presumption created under 46b-56a(b) has been satisfied.
The court has considered all of the factors enumerated in 46b-56; 46b-56a; 46b-81 and 46b-82 and 46b-84 and finds as follows:
1. The allegations of the complaint have been proved and are true except that the plaintiff's current address is no longer as stated.
2. The marriage has broken down irretrievably.
3. The cause of the breakdown may be ascribed to the plaintiff by his own admission. What he does not admit to is the severity of CT Page 2376 the fault. He attributes fault to his inability to communicate with his wife which was grounded not only on his innate introvertnishness, but also his business responsibilities which kept him away from home on a regular basis and to which he gave inordinate time and attention. However, it is disingenuous for the plaintiff to limit his culpability to his nature and his job when he admitted to having six affairs with six different women from 1980 to 1989. Thus the dimensions of the fault are broader than the plaintiff is willing to acknowledge.
4. The plaintiff is a sales manager for Safelite Glass Corporation and earns a minimum guaranteed annual salary of $80,000 augmentable by up to a $40,000 annual bonus. With today's economy, it is unlikely that the bonus will be forthcoming in 1991. There is no evidence of any provision for annual increments to his salary.
5. The defendant has earned both a Bachelor's degree and a recent Master of Business Administration. She is actively pursing employment in a field for which she is qualified and anticipate earning approximately $30,000 per year. The children's ages do not impair her ability to work full time. No evidence of earning potential was presented.
6. The parties own jointly the marital residence at 161 Old Kings Highway in New Canaan which is hereby found to have a value of $350,000. The property is subject to a mortgage of $129,350, thus yielding equity of $220,650. The plaintiff has substantial IRAs. He has not been employed long enough with Safelite to have accumulated any significant pension benefits. The defendant has smaller IRAs and a $2,000 + savings account. Except for a small checking account, all other liquid assets are held jointly and total about $14,000.
7. The plaintiff has Life insurance in excess of $200,000 and enjoys group medical benefits through his employer.
Judgment may enter as follows:
 A. The marriage is dissolved on the grounds of irretrievable breakdown.
B. Joint legal custody is awarded to the parties. The defendant shall have residential custody.
C. The plaintiff shall pay to the defendant first as unallocated alimony — child support, and after David's eighteenth birthday, periodic alimony, the sum of $2,500 per month on the first day of each month commencing as of the month following this decision, and shall continue to pay such sum until the occurrence of the first of the events mentioned in H below.
D. Through his employer the plaintiff shall maintain medical insurance coverage for the minor child including major medical at levels CT Page 2377 currently in effect or better. All unreimbursable medical expenses shall be paid for by the plaintiff. The parties will have the rights and shall be subject to the obligations of 46b-84 (c).
E. The plaintiff shall supply the defendant with all necessary forms and shall cooperate so as to enable the defendant to continue medical coverage through his employer for so long as it is required by law; except that such coverage shall cease when and if comparable coverage becomes available to the defendant through her employment.
F. The plaintiff shall keep and maintain for the benefit of the defendant a policy or policies of life insurance in an unencumbered amount $150,000 until such time as plaintiff's obligation to pay alimony is extinguished. The plaintiff shall provide proof annually that such policies are in full force and effect.
G. The parties shall exchange federal income tax returns annually within thirty days of filing.
H. The plaintiff shall transfer his interest in the New Canaan property to the defendant subject to the existing first mortgage. The defendant shall hold the plaintiff harmless from any and all claims which may arise out of said mortgage. The defendant shall have exclusive possession of the marital home for a period of five years. At that time the minor child, David, will have had sufficient time to complete college. This would be the earliest at which the least disruptive transition to other living facilities could be made. Additionally a period of five years will allow the parties to "ride out" the soft real estate market which presently exists and which shows very few signs of improvement. Such exclusive possession shall continue until the defendant's death, remarriage, habitation with an unrelated male or expiration of the above mentioned five year period, whichever shall first occur. Upon the occurrence of the first of these events, the property shall be offered for sale at a price to be agreed upon by the parties, and if the parties are unable to agree on a listing price, they shall each appoint an appraiser (qualified real estate broker). If the two appraisers cannot agree, they shall appoint a third appraiser whose appraisal figure shall be final and binding upon the parties. The listing shall be reviewed by the parties every three months until the property is sold. If the parties are unable to agree on a reduced price at any three-month interval, the price shall be reduced at least 5%. Until sold the plaintiff shall pay the mortgage, taxes, insurance and carrying charges and pay for all repairs not in excess of $250 per repair. Any repair in excess of this sum shall be shared in accordance with the percentage at which the parties will share in the sales proceeds of the premises. Except for emergency repairs, the parties shall consult one another with respect to any repair calling for an expenditure in excess of $250. The defendant shall indemnify and save the plaintiff harmless from all claims relating to any obligation arising out of this property. The parties shall divide the net proceeds on the basis of 75% to defendant and 25% to the plaintiff. CT Page 2378
I. The parties shall divide equally all liquid assets as they have been identified in 11 6 above.
J. Each party shall be entitled to the furnishings and personal possessions which they presently have in their control free and clear of any claims that they may have for the same except for all furniture and furnishings now located in the marital home which are hereby awarded to the defendant.
K. The plaintiff shall transfer to the defendant the 1989 Plymouth Acclaim and the defendant shall transfer to the plaintiff her interest in the 1984 Chrysler.
L. The plaintiff shall pay to the defendant as counsel fees the sum of $5,575 within sixty days of this judgment.
M. Each party shall be responsible for payment of their individual liabilities as set forth on their respective financial affidavits except as otherwise provided herein.
N. A contingent wage withholding against the plaintiff is hereby ordered under Public Act 89-302. The plaintiff is hereby advised of his rights by attachment to this decision a copy of "Advisement of Rights Re Withholding." The plaintiff's past history of faithful payment furnishes cause for a finding that an immediate withholding is unnecessary.
O. All other claims are denied.
MOTTOLESE, J.